UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GLORIA MOORE,

    Plaintiff,                                  Case No. 10-cv-11193

v.                                                  HONORABLE STEPHEN J. MURPHY, III

PNC BANK, NATIONAL ASSOCIATION,
and NATIONAL CITY BANK,

    Defendants.
                                              /

## ORDER DISCHARGING SHOW CAUSE ORDER

This is a personal injury action originally filed in Macomb County Circuit Court. Defendants filed a Notice of Removal to this Court, pursuant to 28 U.S.C. § 1446, asserting jurisdiction under the diversity of citizenship statute, 28 U.S.C. § 1332. After considering the Notice of Removal, and noting Defendants' failure to allege their own the state(s) of incorporation, the Court ordered Defendants to show cause why the action should not be remanded to state court for lack of subject matter jurisdiction because of Defendants' failure to demonstrate: 1) Defendants' state(s) of incorporation; 2) an amount in controversy in excess of $75,000.

Defendants filed a timely response. Docket no. 6. In that response, Defendants state that Defendant PNC Bank, National Association is incorporated under the laws of the State of Pennsylvania, and that Defendant National City Bank is or was incorporated under the laws of the State of Delaware. Def. Br. at p. 2. Accordingly, Defendant PNC Bank is a citizen of Pennsylvania, the state of incorporation and the state in which it has its principal place of business. 28 U.S.C. § 1332(c)(1). Defendant National City Bank is a citizen of Delaware, its state of incorporation, and Pennsylvania, the state in which it has its principal

place of business. *Id.* Plaintiff is alleged to reside in Michigan, which the Court finds sufficient to allege Plaintiff's Michigan citizenship. *See Newman-Green, Inc. v. Alfonzo-Larrain*, 490 U.S. 826, 828 (1989) (United States citizen is a citizen of state in which he/she is domiciled). The parties are citizens of different states. Accordingly, complete diversity among the parties exists. *See Strawbridge v. Curtiss*, 7 U.S. (3 Cranch) 267, 267-68 (1806); *Peters v. Fair*, 427 F.3d 1035, 1038 (6th Cir. 2005).

With respect to the amount-in-controversy deficiency, Defendants state in their supplemental brief that the amount in controversy more likely than not exceeds $75,000. Specifically, they state that "if Plaintiff is able to prove all her damages, and all of Defendant's [sic] affirmative defenses fail, Plaintiff's claim will more likely than not exceed the amount in controversy threshold for diversity jurisdiction." Def. Br. at 3. Defendants also provide reasons in their response why they believe that to be the case, and the Court is persuaded by those reasons. The Court is satisfied that Defendants have met their burden on removal of demonstrating that the amount in controversy more likely than not exceeds $75,000. *See Everett v. Verizon Wireless, Inc.*, 460 F.3d 818, 822 (6th Cir. 2006).

**WHEREFORE,** it is hereby **ORDERED** that the Court's show cause order at docket no. 5 is **DISCHARGED.**

**SO ORDERED.**

s/Stephen J. Murphy, III
STEPHEN J. MURPHY, III
United States District Judge

Dated: April 28, 2010

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on April 28, 2010, by electronic and/or ordinary mail.

Alissa Greer
Case Manager